# DeWalt et al., Appellants, v. Pittsburgh Railways Company.

*Negligence—Street railways—Summer car—Height of running board—Fall in attempting to board car.*

A verdict is properly directed for the defendant in an action against a street railway company to recover damages for personal injuries caused by a fall while plaintiff was attempting to board an electric summer car, in which the negligence charged as the cause of her injuries was the height of the running board above the street, at the point where the car stopped, where there is no evidence that the height of the running board, which was twenty-three inches, was improper or unsafe and it appeared that the plaintiff was a woman weighing 215 pounds and that her weight may have prevented her from getting on the car.

Argued Oct. 16, 1918. Appeal, No. 73, Oct. T., 1918, by plaintiffs, from judgment of C. P. Allegheny Co., Jan.

T., 1917, No. 955, on verdict for defendant in case of Priscilla DeWalt and Peter DeWalt, her husband, v. Pittsburgh Railways Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned,* among others, was in giving binding instructions for defendant.

*A. J. Eckles,* with him *T. M. Gealey,* for appellants.— There was sufficient evidence of negligence to submit the case to the jury: Chesapeake & Ohio Ry. v. DeAtley, 241 U. S. 310; Lamb v. Penna. R. R. Co., 259 Pa. 536; Thorne v. Philadelphia Rapid Transit Co., 237 Pa. 20; Royer v. Penna. R. R. Co., 259 Pa. 438; Lewis v. Wood, 247 Pa. 545; Haas v. Wichita R. & Light Co., 132 Pac. Rep. 195.

*Clarence Burleigh* and *William A. Challener,* for appellee, not heard.

PER CURIAM, January 4, 1919:

An electric summer car of the defendant company stopped a short distance from a regular stopping place on one of the streets of Pittsburgh, to permit the appellant to board it. In attempting to get on the running board she took hold of an upright stanchion to pull herself up, but fell and was injured. What caused her to fall does not clearly appear. She weighed two hundred and fifteen pounds, and it may be that her weight prevented her from getting on the car. The negligence with which she charges the company as the cause of her injuries is the height of the running board above the

238 DeWALT, Appellant, v. PITTSBURGH RYS. CO.

Opinion of the Court.          [263 Pa.

street at the point where the car stopped. This height was twenty-three inches, but there was no proof, nor offer to prove, that it was improper or unsafe, and a verdict was directed for the defendant, on the ground that no negligence on its part had been disclosed, the court correctly saying to the jury: "The plaintiff did not meet with the accident because the car started—because the running board was slippery—because there was anything the matter with the car...... I cannot see that there is any negligence on the part of the railway company." We need add nothing to this in affirming the judgment.

Judgment affirmed.